**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

RECEIVED
USDC, CLERK GREENVILLE
2025 OCT 23 AM 10:25

**BRITTANY THOMAS** ) **JURY TRIAL DEMANDED**
**Plaintiff,** )
)
**V.** ) **COMPLAINT NO.**
)
**S.C. STATE FEDERAL CREDIT** )
**UNION** )
**Defendant.** )
)

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## I. INTRODUCTION

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendant's willful and/or negligent failure to conduct a reasonable investigation of disputed credit information after receiving notice from consumer reporting agencies and from Plaintiff directly, and its continued reporting of inaccurate and incomplete information regarding Plaintiff's credit accounts.

2. Plaintiff seeks actual, statutory, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o, as well as costs, for Defendant's violations of its duties under 15 U.S.C. § 1681s-2(b).

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p,

as this action arises under the FCRA, a federal statute.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Anderson County, South Carolina, where Plaintiff resides and where Defendant conducts business.

## III. PARTIES

5. Plaintiff Brittany Thomas is a natural person who resides in Williamston, South Carolina, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant S.C. State Federal Credit Union ("SCSCU") is a state-chartered credit union doing business in South Carolina, regularly furnishing consumer information to credit reporting agencies, and is a "person" as defined by 15 U.S.C. § 1681a(b).

## IV. FACTUAL ALLEGATIONS

### Discovery of Inaccuracies

7. On or about June 25, 2025, Plaintiff was notified of new reporting activity involving an account on her credit profile.

8. Upon receiving this notification, Plaintiff obtained updated copies of her credit reports from Experian, TransUnion, and Equifax to verify the accuracy of the information being reported by her creditors.

9. During her review, Plaintiff discovered significant inconsistencies and inaccuracies in how SCSCU was reporting the two accounts ending in 2235 and 07 across the three major credit reporting agencies.

10. The reports contained conflicting account details, missing historical data, and erroneous delinquency information, despite both accounts being closed or paid in full.

### Dispute Process and Correspondence

11. On or about August 8, 2025, Plaintiff mailed formal dispute letters via certified mail to

SCSCU and to Experian, TransUnion, and Equifax, identifying the inaccurate reporting and demanding a reinvestigation pursuant to 15 U.S.C. § 1681i and § 1681s-2(b).

12. Each dispute letter included Plaintiff's full legal name, address, date of birth, social security number, and partial account numbers, providing sufficient information for proper identification and verification.

13. On or about August 19, 2025, SCSCU responded in writing, stating that "no action has been taken due to lack of information" and refused to initiate a reinvestigation.

14. On August 24, 2025, Plaintiff mailed a second certified response, reiterating that she had already provided all identifying information and documentation necessary to verify her accounts.

15. Despite receiving all relevant data, SCSCU failed to conduct a reasonable investigation or provide any corrected updates to the credit reporting agencies.

16. Upon information and belief, Experian, TransUnion, and Equifax each forwarded Plaintiff's dispute to SCSCU in accordance with 15 U.S.C. § 1681i(a)(2), placing Defendant under a statutory duty to conduct a reasonable investigation and respond with verified results.

**Partial Correction and Ongoing Inaccuracy**

17. On or about October 21, 2025, Plaintiff confirmed that the account ending in 2235 had been removed from all three credit bureaus, indicating that at least part of her dispute was valid and substantiated.

18. However, the account ending in 07 remains reported by SCSCU with inconsistent, inaccurate, and misleading information, showing that Defendant partially corrected its reporting but failed to complete the investigation and resolution required under law.

**Specific Inaccuracies – Account Ending in 07**

19. As of October 21, 2025, Equifax and Experian report the following details for account ending in 07:

- Account Status: Pays as Agreed
- Owner: Individual
- Account Type: Line of Credit (Unsecured)
- Date Opened: August 1, 2018
- Date Reported: September 6, 2025
- Date of Last Activity: July 2021
- Balance: $0
- High Credit: $9,000
- Account Comments: Closed or Paid Account – Zero Balance / Line of Credit – Unsecured
- Payment History: January 2019 marked 60 days late.

20. In contrast, TransUnion reports conflicting data for this same account, including:

- Address: P.O. Box 726, Columbia, SC 29202-0726
- Phone: (803) 343-0300
- Account Type: Installment Account (Unsecured)
- Date Opened: August 30, 2018
- Date Updated: July 1, 2021
- Balance: $0
- High Balance: $9,000

- Terms: $0 per month, paid monthly for 51 months
- Date Closed: July 1, 2021
- Payment Status: Paid, Closed; was Paid as Agreed
- Remarks: Closed
- Payment History: January 2019 marked 30 days late.

21. Despite all reports showing the account as "Paid and Closed with a Zero Balance," the presence of late payment notations in January 2019 (30 or 60 days delinquent) is false, inconsistent, and misleading, contradicting the "Pays as Agreed" and "Paid as Agreed" designations.

22. Defendant's continued furnishing of contradictory and unverifiable information demonstrates a failure to maintain reasonable procedures to ensure maximum possible accuracy and a failure to conduct a good faith reinvestigation once notified of the dispute.

## V. CAUSES OF ACTION

### COUNT I – FAILURE TO CONDUCT A REASONABLE INVESTIGATION

### (15 U.S.C. § 1681s-2(b)(1)(A))

23. Plaintiff re-alleges all preceding paragraphs 1–22 as if fully stated herein.

24. Defendant failed to conduct a reasonable investigation of Plaintiff's dispute, instead issuing a generic denial and claiming lack of information despite being provided complete identifying details.

### COUNT II – FAILURE TO REVIEW ALL RELEVANT INFORMATION

### (15 U.S.C. § 1681s-2(b)(1)(B))

25. Plaintiff re-alleges all preceding paragraphs 1-24 as if fully stated herein.

26. Defendant failed to review all relevant documentation provided by Plaintiff and the consumer reporting agencies, including evidence that the account was closed, paid, and current.

27. Defendant's failure to correct the inaccuracies demonstrates willful disregard and noncompliance with the requirements of §1681s-2(b)(1)(B).

**COUNT III – FAILURE TO REPORT RESULTS OF INVESTIGATION**

**(15 U.S.C. § 1681s-2(b)(1)(C))**

28. Plaintiff re-alleges all preceding paragraphs 1-27 as if fully stated herein.

29. Defendant violated §1681s-2(b)(1)(C) by failing to report the results of its investigation to the credit reporting agencies for the account ending in 07, despite removing the 2235 account.

**COUNT IV – FAILURE TO CORRECT OR DELETE INACCURATE INFORMATION**

**(15 U.S.C. § 1681s-2(b)(1)(E))**

30. Plaintiff re-alleges all preceding paragraphs 1-29 as if fully stated herein.

31. Defendant violated §1681s-2(b)(1)(E) by failing to delete or correct false delinquency data for January 2019 and continuing to furnish inconsistent and unverifiable information across all credit bureaus.

## VI. DAMAGES

32. Defendant's willful and negligent violations of the FCRA have caused Plaintiff:

- Denials of credit and financial harm,
- Emotional distress and reputational damage,
- Loss of time and resources drafting and mailing disputes, and

- Out-of-pocket expenses, including certified mail costs and document preparation.

33. Plaintiff is entitled to recover actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. §§ 1681n and 1681o.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant's conduct violated the Fair Credit Reporting Act;
2. Award Plaintiff actual, statutory, and punitive damages;
3. Award costs and reasonable fees; and
4. Grant any other relief deemed just and proper by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: 10/23/2025

Respectfully Submitted,

Brittany Thomas
922 Firetower Road
Williamston, South Carolina 29697
Phone: (864) 745-0142
Pro Se Plaintiff